UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LADEANYA A. SMITH | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | 1:09-cv-00255-JMS-LJM |
| | ) | |
| MICHAEL ASTRUE, Commissioner of Social | ) | |
| Security | ) | |
| *Defendant.* | ) | |

## ORDER

Presently before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (the "Fee Petition"). [Dkt. 26.] Through it, Plaintiff seeks $5,580.94 for prevailing against the government in the this Social Security disability case.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 requires the Court to award prevailing parties like Ms. Smith attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner here argues only that its position was substantially justified.

As the Seventh Circuit has noted, "[t]he key statutory term, 'substantially justified,' is neither defined nor self-evident." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 2010 U.S. App. LEXIS 3322, *4 (7th Cir. 2010). Nonetheless, courts have interpreted it to require the government's position to have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person and hence has a reasonable basis both in law and fact. The case must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Id.* at *5 (citations, quotations, and alteration omitted).

In this case, the Commissioner has failed to establish that his decision to defend the ALJ's decision before this Court was a reasonable one; indeed, his defense of the ALJ's decision was actually surprising in two respects.  First, the case called for the application of well-settled law in this Circuit requiring the ALJ to specifically discuss all potentially applicable Listed Impairments.  Absent such a discussion, as occurred here, the Court lacks any basis to perform substantial-evidence review of the ALJ's decision that no Listed Impairment applies.  Second, ALJ's failure to address obviously inconsistent evidence to his conclusion—chiefly that relating to Ms. Smith's possible need for a job coach, a highly unusual requirement in the workforce— likewise runs afoul of well-settled law, making the case an easy one for remand and thus appropriate for EAJA fees, *see Ervin v. Astrue*, 1:08-cv-00970-DFH-DML, dkt. 31 (S.D. Ind. Feb. 23, 2010) (Hamilton, J.) ("[I]t will probably be an abuse of discretion to deny fees if the case for remand is strong and clear-cut.").

Although the Commissioner didn't object about the amount of the fees sought, the Court will not award the full $5,580.94 that Ms. Smith requested.  As the Court noted in its opinion, Ms. Smith's manner of briefing needlessly complicated the Court's review of this matter— unfairly delaying the Court's consideration of other parties' cases.  [Dkt. 24 at 1 n.2.]  To account for that fact, the Court reduces the requested fee award by 30%, to $3,906.66.

Accordingly, the Fee Petition is **GRANTED IN PART** and **DENIED IN PART**.  The Commissioner shall pay $3,906.66 in fees and costs, directly to Ms. Smith's attorney.

02/25/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

- 2 -

**Distribution via ECF:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net